Clay County v. Simonsen et al.

## CLAY COUNTY v. SIMONSEN ET AL.

1. OFFICER EX-OFFICIO: BOND: LIABILITY. The Statute prov ded for the election of a judge of probate, fixed his bond, and further provided that he should be *ex-officio* county treasurer. *Held:*—That his bond as judge of probate covered his duties as county treasurer, and that he and his sureties would be liable thereon for any breach of its conditions in the discharge of the duties of either office.

2. PRACTICE: DEMURRER: DEFECTS IN COMPLAINT. Upon the argument of a demurrer to an answer the defendant may attack the complaint upon the grounds that the court has no jurisdiction, or that the complaint does not state facts sufficient to constitute a cause of action. And if it appears that the objections thus raised are well taken, the defendant will be entitled to judgment, notwithstanding the defects in the answer.

3. ————: COMPLAINT: ESSENTIAL AVERMENTS. The words, "facts constituting a cause of action," as used in the Code of Civil Procedure, mean those facts which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of the facts.

4. ————: ————: ————. Every fact which the plaintiff must prove, to enable him to maintain his suit, and which the defendant has a right to controvert in his answer, must be distinctly averred and set forth according to their legal effects and operation, and not the evidence of those facts, nor arguments, nor inferences, nor matters of law only.

5. PUBLIC OFFICER: DUTY TO ACCOUNT: DEMAND. When the law makes it the duty of a public officer, in retiring from office, to account and make return to the proper authorities. and. to deliver to his successor in office all public records, books, papers and funds pertaining to his office; upon failure or refusal to do so, no demand is necessary before bringing suit.

6. ————: BOND: CONDITIONS. The bond of a judge of probate and *ex-officio* county treasurer was conditioned that "he shall well and faithfully. and impartially perform the duties and execute the office * * without fraud, deceit, or oppression." *Held:*—That his liability was that of an insurer, and not measured by the law of bailments, and that he was bound, not to exercise due care and diligence in the discharge of his duties, but to perform them absolutely, without conditions or exceptions, unless prevented by an irresistable super-human cause, or by the act of a public enemy.

7. IRRESISTABLE SUPER-HUMAN CAUSE: IN WHAT IT CONSISTS. The words "irresistable super-human cause," are equivalent to, and are used in the same sense as "act of God," and consists in natural necessity, as wind and storms which arise from natural causes, and which operates without any aid or interference from man, and is distinct from inevitable accident.

8. ———: ACCIDENTAL FIRE: EXCUSE. Accidental fire, not caused by lightning is not an irresistable super-human cause, and will not excuse from the performance of an obligation, unless especially so stipulated, or when the party is bound only to the exercise of reasonable care and diligence.

9. PUBLIC FUNDS: SAFE KEEPING: LIABILITY OF TREASURER. The fact that a county fails to furnish a *safe*, on request of the county treasurer, is no excuse for the non-performance of his obligation. He becomes personally responsible, and in the absence of any statutory provision, must provide for the safe keeping of the funds and property coming into his hands.

### *Appeal from the Clay County District Court.*

JUDGMENT in favor of plaintiff and against defendants for $3,179. The above syllabus is taken from the case of *Clay County v. Simonsen et al*, as reported in 1 Dakota Reports, 403, and shows the various points presented and decided in that case, and affirmed herein.

*Bartlett Tripp*, for appellants.

*Alex. Hughes*, for respondent.

SHANNON, C. J.—This case was before this court at the June term, 1877, and is reported in the new volume of decisions, page 403. At that time the whole case was fully considered, and as was then supposed, finally decided. (1 Dak. Rep., 403.)

By the statement of counsel, at the argument, on the former occasion, as to a written stipulation to be filed, but not then presented, the court was led to understand that the case was presented to us in such a way as to have the question of the defendants' liability determined on demurrer. The opinion of the court by MR. JUSTICE BENNETT, evidently proceeded upon that supposition. But it seems from the stipulation since filed, as well as from the record now brought here, that we were led into a mistake or a misapprehenson, and that the case was not then in such regular form as to have it decided on demurrer. It now appears that there was nothing stipulated tending toward the equivalent of

final judgment, and that such judgment was not entered until after the case was remanded to the District Court.

So far as the merits of the controversy were then discussed, or now appear before us, we see no reason to change our former views; and we now adopt and reiterate them, deprecating, however, the mistake we were led into in considering the case at all until a regular final judgment.

It follows that the judgment of the District Court must be affirmed, and it is so

ORDERED.

All the Justices present concurring.